IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Tony Lee Brown, ) | |
| ) | |
| Plaintiff, ) | Case No. 6:19-cv-3300-TMC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| Officer Fishburne, Officer Skipper, ) | |
| and Officer Fennell, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Tony Lee Brown, proceeding *pro se*, brought this action under 42 U.S.C. § 1983, alleging that Defendants used unconstitutionally excessive force against him while he was a pretrial detainee. (ECF No. 30). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant the Defendants' motion to dismiss Plaintiff's official capacity claims. (ECF No. 57). Defendants' motion to dismiss, therefore, does *not* cover Plaintiff's claims against Defendants in their *individual* capacities.

Plaintiff's amended complaint does not indicate whether he is asserting claims against the Defendants individually, in their official capacities, or both.

Accordingly, Defendants, out of an abundance of caution, moved to dismiss Plaintiff's action to the extent it was brought against them in their official capacities, arguing that as deputy sheriffs they are entitled to Eleventh Amendment immunity as arms of the State of South Carolina. (ECF No. 42-1 at 3–4). Additionally, Defendants argued that deputy sheriffs acting in their official capacities are not "persons" within the meaning of § 1983 and, therefore, are not amenable to suit under § 1983 based on acts taken in their official capacities. *Id*. at 3.

The magistrate judge agreed, concluding that because Defendants were employed by the Charleston County Sheriff, they are entitled to Eleventh Amendment immunity "to the extent the plaintiff has alleged claims for monetary relief against them in their official capacities." (ECF No. 57 at 3–4). The Report, therefore, recommends that the court grant Defendants' motion to dismiss Plaintiff's claims against them in their official capacities. *Id*. at 4. Plaintiff filed objections to the Report that merely repeated his response to Defendants' motion to dismiss, asking that his action not be dismissed but not addressing the official capacity issue. (ECF No. 59).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a de novo

determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"  *Dunlap v. TM Trucking of the Carolinas*, LLC, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).  "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Id*. at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla*., 73 F.3d 1057, 1059 (10th Cir. 1996)).  Furthermore, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g., Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"). In the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp*., 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

As noted above, Plaintiff's objections to the Report merely rehash arguments previously rejected by the magistrate judge. Additionally, the objections fail to address the basis for the recommendations set forth in the Report. Accordingly, the court reviews the Report for clear error, and, having reviewed the materials before it along with the record, finds none.

Therefore, the court **ADOPTS** the Report (ECF No. 57) and incorporates its findings of fact and conclusions of law herein. The court **GRANTS** Defendants' motion to dismiss (ECF No. 42). Plaintiff's claims against Defendants in their official capacities are hereby **DISMISSED**. Plaintiff's claims against Defendants individually continue in this action.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 19, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.