# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Tony Lee Brown, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:19-cv-3300-TMC |
| v. ) | |
| ) | **ORDER** |
| ) | |
| Operator Fishburne, Officer Skipper, ) | |
| and Sergeant Fennell, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Tony Lee Brown, proceeding *pro se*, brought this action under 42 U.S.C. § 1983, alleging that Defendants used unconstitutionally excessive force against him while he was a pretrial detainee. (ECF No. 30). The court construed Plaintiff's action as asserting claims against Defendants in both their individual and official capacities. (ECF No. 72 at 2). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). On January 19, 2021, the court granted Defendants' motion to dismiss (ECF No. 42) Plaintiff's claims against Defendants in their official capacities. (ECF No. 72 at 4). Defendants then filed this motion for summary judgment as to Plaintiff's remaining individual capacity clams. (ECF No. 64). Now before the court is a Report of the magistrate judge recommending that Defendants' motion for summary judgment be granted (ECF No. 70 at 10). Plaintiff filed

objections to the Report (ECF No. 77). The matter is now ripe for review by this court.

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*,

2

*Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

## Discussion

The evidence presented to the court is fully and thoroughly set forth in the Report. (ECF No. 70 at 1–4). Accordingly, the court need only briefly recount the facts here. Plaintiff alleges that Operator Fishburne choked him with both hands even though Plaintiff was already in handcuffs and that Officer Skipper and Sergeant Fennell "watched and aided." (ECF No. 30 at 5–6). Defendants submitted affidavits indicating that on June 23, 2018, Plaintiff was charged with assaulting his cellmate.[1]

---

[1] Defendants presented evidence of numerous disciplinary violations by Plaintiff in the month leading up to the incident at issue. (ECF Nos. 64-1; 64-3 at 2).

3

(ECF No. 64-3 at 2–3). As a result, Plaintiff was removed from his cell by Operator Fishburne and other members of the Special Operations Group ("SOG") and placed in a cell in the Special Management unit. *Id*. at 3. SOG operators are "specially trained to handle potential high-risk inmates, riots, hostage situations, escapes, and cell extractions." *Id*. at 1.

Officer Skipper prepared Plaintiff's cell in the Special Management unit and exited the cell so that Operator Fishburne and other officers could place Plaintiff in the cell. *Id*. at 3. According to his affidavit, Operator Fishburne directed Plaintiff to "get on his knees, place his chest on the bed, allow [the officers] to remove the handcuffs, and then remain with his chest on the bed while [the officers] exited the cell." *Id*. Plaintiff refused to comply, however, repeatedly trying to raise up and flip over onto his back. *Id*. Eventually, Plaintiff freed himself of the officers' grasp and Operator Fishburne was forced to use the mattress pad both to control plaintiff and shield himself from Plaintiff. *Id*. Operator Fishburne stated that Plaintiff's "actions made it clear to us that he was looking to attack us" and "[t]he situation was especially dangerous as [Plaintiff] had waited until his handcuffs were removed before he struggled free of our control." *Id*. at 4. Accordingly, Operator Fishburne and the other SOG operators attempted to handcuff Plaintiff again but Plaintiff resisted and refused to comply with any commands. *Id*. In order to subdue Plaintiff, one of the other SOG operators deployed her taser, allowing Operator Fishburne and

4

the other SOG team members to gain control of Plaintiff with Operator Fishburne holding Plaintiff's legs and two other officers holding Plaintiff's upper body. *Id*. Operator Fishburne stated in his affidavit that he never placed his hands around Plaintiff's neck or attempted to choke him. *Id*. Sergeant Fennell arrived in the Special Management unit after the incident had been resolved. (ECF No. 64-7). In response to Defendants' motion for summary judgment, Plaintiff challenged his arrest and detention rather than the incident at issue. (ECF No. 67).

In the Report, the magistrate judge considered the factors set forth in *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015), in determining whether the force used by Operator Fishburne was objectively reasonable under the circumstances. (ECF No. 70 at 6–7). The magistrate judge concluded that, viewing the evidence in a light most favorable to the plaintiff, the force employed by Operator Fishburne was objectively reasonable given Plaintiff's active resistance to the correctional officers, noncompliance with directions, and escape from the officers' which created "a security problem, as they were dealing with an individual with a history of disciplinary problems, without handcuffs, and resisting their directions and instructions." *Id*. The magistrate judge noted further that Plaintiff failed to come forward with any evidence supporting his allegations that Operator Fishburne choked him. *Id.* at 8. As to Officers Skipper and Fennell, the magistrate judge found no evidence they were involved in the use of force against Plaintiff and, therefore,

5

construed Plaintiff's allegations as asserting a claim of bystander liability. *Id*. The magistrate judge concluded that Plaintiff failed to establish a claim of bystander liability against Officer Skipper and Sergeant Fennell because Plaintiff failed to show an underlying constitutional violation in the first instance. *Id*. Finally, the magistrate judge determined that Defendants were entitled to qualified immunity because Plaintiff did "not demonstrate[] that the defendants violated his constitutional rights." *Id.* at 9. Accordingly, the magistrate judge recommended that the court grant the motion for summary judgment as to Plaintiff's claims against all three Defendants in their individual capacities.

On February 1, 2021, Plaintiff filed objections challenging Officer Fishburne's affidavit rather than the Report. (ECF No. 77). Plaintiff asserts, for the first time, that he could not have assaulted his cell mate because "when you get booked into Al Cannon's Detention Center you do not have a cell mate." *Id*. at 1. Plaintiff also stated that Operator Fishburne was not being truthful in his affidavit when he claimed he made no attempt to choke Plaintiff. *Id*. Plaintiff appears to claim that the falsity of Operator Fishburne's claim is reflected by the fact that "all incidents" must be recorded and Defendants have not submitted a video of the incident—presumably suggesting that Defendants have something to hide. *Id*. Plaintiff does not challenge the magistrate judge's analysis of his claims as to any of the Defendants nor does he object to the magistrate judge's statement that Plaintiff's

6

response to Defendants' motion for summary judgment does not discuss the merits of his allegations but instead made irrelevant assertions against the Mt. Pleasant Police Department regarding his underlying arrest.

Plaintiff's objections do not address the Report in any way; rather, he has attempted to use his objections as a means of raising new claims and allegations. This court, however, does not have a duty to review newly raised facts or claims in objections to a Report. *See Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017) (holding that there is "no obligation for the district court to hear either of the new claims . . . in objections"); *Sullivan v. McMaster*, No. 6:18-cv-1425, 2018 WL 3727358, at *2 (D.S.C. Aug. 6, 2018) ("This is a new ground for relief, and the Fourth Circuit has explained that a district court does not have a duty to review newly raised issues in objections to a R&R."); *Backus v. Cox*, No. 4:13-CV-00881-RBH, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013) ("Plaintiff, however, cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendant."). Furthermore, Plaintiff cannot use his objections to bolster his response to Defendants' motion for summary judgment. The magistrate judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff that an adequate summary judgment response required "an explanation of your version of the facts . . . and . . . your legal argument regarding why the court should not grant the motion" and "that you support your version of all

7

disputed facts with material such as depositions, documents, electronically stored information, affidavits or declarations, stipulations." (ECF No. 65 at 2). Plaintiff was warned that "[i]f [he] fail[ed] to dispute the defendant's version of the facts with proper support of [his] own version, the court may consider the defendant's facts as undisputed" and that "[his] failure to support facts in dispute with such material may result in the court granting the motion." *Id*. Plaintiff failed to make an adequate response (ECF No. 67) and should not be able to use his objections to make an end run around the magistrate judge's *Roseboro* order.

Having thoroughly reviewed the record, the Report, and Petitioner's objections, the court finds no reason to deviate from the Report's recommended disposition. The court, therefore, **ADOPTS** the magistrate judge's Report (ECF No. 70) and **GRANTS** Defendants' motion for summary judgment (ECF No. 64) as to the remaining claims against Defendants in their individual capacities.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
February 16, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.